IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON - NORTHERN DIVISION

| | |
|---|---|
| **MINOR CHILD J.B.**  *  <br>c/o Lenda Burns <br>Legal Guardian                    *   Civil Action No.: 3:18-mc-328-HTW-LRA <br>2215 Redbud Lane <br>Jackson, MS 39212               * <br> <br>            *Petitioner*              * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PETITIONER MINOR CHILD J.B.'S, BY AND THRU APPOINTED GUARDIAN, LENDA BURNS, VERIFIED PETITION TO PERPETUATE TESTIMONY

COMES NOW the Petitioner, MINOR CHILD, J.B., by and thru his appointed Guardian Lenda Burns ("Petitioner"), by undersigned counsel, hereby petitioning this Court, pursuant to Federal Rule of Civil Procedure 27, for an Order authorizing Plaintiffs to depose a corporate designee of the Jackson Police Department ("JPD") to prevent a failure or delay in justice, and in support thereof, counsel states as follows upon information and belief:

1. Petitioner is the two year old son of Crystalline Barnes.

2. This Court has subject matter jurisdiction over this matter because it presents a federal question pursuant to 28 U.S.C.A. § 1331 and Fed. R. Civ. Pro 27(c).

3. Jane Doe and John Doe are employed as police officers with the JPD.

4. On or about November 15, 2017, Jane Doe, in the scope of her employment, shot and killed a suspect near the intersection of Mayes Street and Lampton Avenue, in Jackson, MS.

5. Upon information and belief, Jane Doe never received appropriate psychological screening or an adequate fitness for duty evaluation prior to resuming Jane Doe's duties as an officer for the JPD after the November 15 shooting.

6. Upon information and belief, Jane Doe is JPD Officer Rakasha Adams.

7.      Subsequent to the November 15 shooting, on or about January 27, 2018, Officer Adams was on duty near the intersection of Fernwood Drive and Overstreet Avenue in Jackson, MS.

8.      Officer Adams began following Crystalline Barnes as Ms. Barnes drove her vehicle.

9.      John Doe was also on duty near the intersection of Fernwood Drive and Overstreet Avenue in Jackson, MS.

10.      In contrast to the actions of reasonable police officers, Officer Adams and John Doe exited their vehicles and purportedly attempted to initiate a traffic stop of Ms. Barnes.

11.      Officer Adams and John Doe positioned themselves nearly perpendicular to Ms. Barnes' vehicle.

12.      Unjustifiably, Officer Adams and John Doe fired, collectively, approximately eighteen shots through the side doors and back window of Ms. Barnes' vehicle as Ms. Barnes drove forward. No gunshots were fired through the front of Ms. Barnes' vehicle.

13.      Ms. Barnes' vehicle collided head on and crashed into a pole.

14.      Officer Adams and/or John Doe's gunshots struck Ms. Barnes at least twice: once in the back of the head and once in the back.

15.      Ms. Barnes died from her injuries stemming from the January 27 shooting.

16.      On or about April 12, 2018, counsel for Petitioner issued a Public Records Request for "any and all calls for service and/or incident reports including, but not limited to, any 911 service calls made, audio tapes, calls for service, investigation, body worn camera ("BWC") audio and/or video footage, reports/documents, documents reflecting remedial measures, memoranda of any kind, fire department records, EMS records, witness reports, investigations and remedial

measures or reports, and any video surveillance tape(s), police reports, and statements of probable cause involving police events with regard to [the death of Crystalline Barnes]."

17. Pursuant to the foregoing request, the JPD provided a one-page incident report that does not list the name of either officer involved in shooting Ms. Barnes.

18. On or about April 16, 2018, counsel for Petitioner issued another Public Records Request for the incident report related to, *inter alia*, "[t]he JPD officer-involved shooting that occurred on or about November 15, 2017 at or near Mayes Street and Lampton Avenue."

19. Pursuant to the foregoing request, the JPD provided a one-page incident report that does not contain the name of any police officer involved in the shooting underlying the November 15 shooting.

20. As a result of the January 27 shooting of Ms. Barnes, Petitioner expects to bring an action in the United States District Court for the Southern District of Mississippi – Northern Division for claims including, but not limited to, a violation of 42 U.S.C. § 1983 (excessive force) and negligent supervision of Jane Doe for JPD's failure to properly provide psychological counseling and fitness for duty evaluations for Jane Doe.

21. The facts that Petitioner seeks to establish through the evidence or testimony perpetuated are the names of Jane Doe and John Doe.

22. Petitioner seeks this evidence in order to file the foregoing claims in this Court against the JPD and the City of Jackson. Petitioner has tried to obtain this information, via a request under the Mississippi Public Records Act. The names of the officers involved in the foregoing shootings were not included in either incident report.

23. The information sought by Petitioner may be used in a later action as described in paragraphs three through fifteen herein.

24. The names of the individual officers are necessary for the filing of 42 U.S.C. § 1983 - excessive force claims because federal courts in the Fifth Circuit do not allow "John Doe" pleadings to relate back to a Complaint where a plaintiff alleges he was unable to identify a Defendant.

25. Without the names of the officers, a "John Doe" Complaint could be dismissed with prejudice, rendering the information "unavailable" for all practical purposes if it is not secured in advance of the contemplated litigation. A dismissal, solely because Petitioner was unable to identify the appropriate Defendants under these circumstances where all reasonable efforts have been made, would constitute a failure of justice.

26. Delay in the release of this information unnecessarily stalls this litigation, constituting a delay in justice.

27. Petitioner has not brought or been a party to a suit that arises out of the facts that are the subject of this verified petition.

28. Petitioner's interest in the anticipated lawsuit described in paragraphs 21 and 22 herein is that he expects to serve as a Plaintiff.

29. Petitioner anticipates that the Jackson Police Department, the City of Jackson, and Rakasha Adams may each have an adverse interest in the anticipated suit.

30. The Jackson Police Department's address, so far as known, is 327 E Pascagoula St, Jackson, MS 39205.

31. The City of Jackson's address, so far as known, is 219 South President Street, Jackson, MS 39205.

32. Officer Rakasha Adam's address, so far as known, is 327 E Pascagoula St, Jackson, MS 39205.

33. The anticipated deponent is the corporate designee of the JPD. The address for the anticipated deponent is 327 E Pascagoula St, Jackson, MS 39205.

WHEREFORE, Petitioner, MINOR CHILD J.B., by and thru appointed Guardian, Lenda Burns, respectfully submits this Petition to Perpetuate Testimony Pursuant to Federal Rule of Civil Procedure 27 and ask this Court set this Petition for a hearing to enter an order authorizing Petitioner to depose a corporate designee of the Jackson Police Department regarding the names of officers Jane Doe and John Doe.

Respectfully Submitted,
TUCKER|MOORE GROUP, LLP

*Carlos E. Moore*
Carlos E. Moore, MSB# 100685
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
O: (662) 227-9940
F: (662) 227-9941
carlos@tuckermoorelaw.com

Respectfully Submitted,
DOWNS COLLINS, P.A.

/s/
Jason G. Downs, Esq.
*Pro Hac Vice* Application Submitted With This Petition
20 S. Charles Street, Suite 901
Baltimore, Maryland 21201
O: (410) 462-4529
F: (410) 995-7200
jason@downscollins.com
*Attorney for Petitioner*

Dated:  5-21-18